IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03156-CMA-BNB

PAUL FANN, and
LENORE FANN,

Plaintiffs,

v.

THE HARTFORD UNDERWRITERS INSURANCE COMPANY,

Defendant.
_____

**ORDER**
_____

This matter arises on the **Defendant's Application for Attorneys' Fees Incurred In Making Its Motion to Compel** [Doc. # 38, filed 7/16/2012] (the "Motion for Fees").  The Motion for Fees is GRANTED, and the defendant is awarded its reasonable expenses, including attorneys fees, in the amount of $4,212.00.

On June 28, 2012, I entered an Order granting the Defendant's Motion to Compel and awarding the defendant its reasonable expenses in making that motion, including attorneys fees. Order [Doc. # 30].  The parties apparently could not agree on the amount of the award, requiring the filing of the Motion for Fees.

The Motion for Fees includes a detailed description of the services rendered, the amount of time spent, the hourly rate, the total amount claimed, and defendant's counsels' qualifications and experience, all as required by D.C.COLO.LCivR 54.3.

In calculating a reasonable attorneys fee, I apply the lodestar principles stated in Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonably hourly rate." Id.(internal quotations and citation omitted).

**1.     Reasonable Time Expended**

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the prevailing party seeking fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

Defense counsel has itemized the tasks performed and the time required for each task in support of its fee claim. The itemization reflects two categories of fees claimed: (1) those incurred in pursuing the Motion to Compel (14.9 hours); and (2) those incurred in seeking its expenses pursuant to my Order (2.8 hours). The plaintiffs dispute both categories of fees. As to the first category, the plaintiffs argue that (1) the time expended is unreasonable and includes duplicate billings by two lawyers; (2) fees are sought for tasks not undertaken in connection with the Motion to Compel; and (3) an hourly rate of $260.00 for each lawyer involved is unreasonable in view of the differences in their levels of experience. As to the second category, the plaintiffs argue that I did not award the fees associated with filing the Motion for Fees.

I agree with the defendant that it is entitled to recover the fees incurred in preparing the Motion for Fees. See, e.g., Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999).

The defendant disputes the reasonableness of the hours expended. I have reviewed the time itemization carefully, however, and find that all of the time claimed was necessarily and reasonably expended in connection with the defendant's Motion to Compel and in pursuing its

Motion for Fees except the following:[1]

    (1)    0.4 hours claimed by Mr. Alper on 5/14/2012 for "[c]orrespondence with client. . . ." Although I do not dispute a lawyer's obligation to keep his client informed of matters related to the case, that is time spent on client relations and not time reasonably and necessarily expended in pursuing the defendant's Motion to Compel; and

    (2)    0.3 hours claimed by Mr. Alper on 6/26/2012 to "[r]eview and analyze correspondence from opposing counsel . . . regarding document production and setting a Rule 30(b)(6) deposition"; and 0.8 hours claimed by Mr. Alper on 6/28/2012 to "[r]ead briefing and attachments on motion to compel."  I find that this time was not reasonably and necessarily expended in pursuing the defendant's Motion to Compel.

Consequently, defense counsel has established that it is entitled to an award of attorneys fees for 16.2 hours reasonably and necessarily expended in pursuing the defendant's Motion to Compel and its Motion for Fees.

**2.      Reasonable Hourly Rate**

The defendant claims attorney fees at the rate of $260 per hour.  The plaintiff bears the burden of establishing that the rate is reasonable.  Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002).  "A reasonable rate is the prevailing market rate in the relevant community."  Id.  The trial court may use its own knowledge in determining a reasonable rate.  Id. at 1079.  See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir.

---

[1] As the Supreme Court instructed in Fox v. Vice 131 S. Ct. 2205, 2216 (2011), when determining a fee application "trial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."

2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience" practicing in the relevant market).

Mr. Alper is a partner at Wheeler Trigg O'Donnell LLP.  He has 14 years experience in the area of commercial litigation, including insurance litigation, and has been licensed to practice before this court for ten years.  Mr. Stephenson is an associate at Wheeler Trigg O'Donnell LLP. He has seven years experience, including one year as a law clerk to a federal circuit judge.  Mr. Stephenson has been a member of the bar of this court for six years.  Both lawyers claim a billing rate of $260.00.  Although there is no explanation for why both lawyers--one more experienced than the other--bill at the same rate, I find that $260 is a reasonable rate in the Denver market for a lawyer of Mr. Stephenson's skill and experience, and substantially below the rate normally charged by lawyers of Mr. Alper's skill and experience.

The defendant does not request a lodestar adjustment, and I am aware of no reason to make such an adjustment.

Multiplying the number of hours reasonably incurred by the reasonable hourly rate charged by defendant's counsel results in the following:

**16.2 hours x $260.00 per hour = $4,212.00**.

I find that a fee of $4,212.00 is reasonable and appropriate.

IT IS ORDERED:

(1)     The Motion for Fees [Doc. # 38] is GRANTED;

(2)     The defendant is awarded its reasonable expenses, including attorneys fees, in making the Motion to Compel and pursuing the Motion for Fees in the amount of $4,212.00;

(3) The award of reasonable expenses is made jointly and severally against the plaintiffs and their counsel; and

(4) The award of reasonable expenses shall be satisfied in full on or before **November 14, 2012**.

Dated October 31, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge