IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03156-CMA-BNB

PAUL FANN, and
LENORE FANN,

Plaintiffs,

v.

THE HARTFORD UNDERWRITERS INSURANCE COMPANY,

Defendant.
_____

**ORDER**
_____

This matter arises on **Defendant's Motion for Issue Sanctions [etc.]** [Doc. # 42, filed 10/2/2012] (the "Motion for Sanctions").

On June 28, 2012, I granted the defendant's Motion to Compel [Doc. # 21] and ordered the plaintiffs to provide "full and complete discovery responses . . . on or before July 9, 2012." Order [Doc. # 30]. The Order compelling discovery was necessitated by the fact that although the defendant had served written discovery on the plaintiffs on February 24, 2012, and the responses were due on or before March 28, 2012, no responses were provided until June 5, 2012, after the Motion to Compel was filed. Response [Doc. # 26] at p. 2.

The plaintiffs made Supplemental Discovery Responses [Doc. ## 42-3 and 42-4] on July 11, 2012. Many of the responses continue to be inadequate and do not comply with my order that the plaintiffs make "full and complete discovery responses," as specified in the Motion for Sanctions. For example, although required to do so to respond to Interrogatory No. 6, Lenore Fann has failed to identify the date on which she contends the defendant should have made

payment of insurance benefits. Interrogatory No. 6 [Doc. # 42-3] at pp. 6-7.

Similarly, and again by way of example, Ms. Fann has failed to identify by full name, present or last known address, and telephone number the healthcare providers she has seen in the five years before the accident at issue in this case and each year thereafter. Interrogatory No. 11 [Doc. # 26-1] at p. 9. The response given by Ms. Fann to this interrogatory is evasive, incomplete, and inconsistent. It is obvious that no serious attempt was made to fully and completely answer the interrogatory, despite my Order, and plaintiffs' counsel's argument that a complete answer would be made in a supplement is unpersuasive and fails to address why a complete answer has not been made already.

The plaintiffs argued that discovery is on-going and that a discovery dispute has arisen concerning the adequacy of the disclosures and discovery provided by the defendant. I am not persuaded that the plaintiffs' duty to comply with their discovery obligations has been rendered impossible by the conduct of the defendant. To the contrary, the plaintiffs must answer the interrogatories posed to them based on the information now in their possession after reasonable inquiry, 8B Wright, Miller & Marcus, Federal Practice and Procedure: Civil §2177 at p. 80, and must produce responsive documents currently in their possession, custody, or control. Fed. R. Civ. P. 34(a)(1). That the plaintiffs' current knowledge is incomplete or imperfect or may be impacted by later events does not relieve them of their duty to provide discovery based on their current knowledge and the documents currently in their possession, custody, or control.

In at least one instance, however, the defendant argues that my Order [Doc. # 30] requires the plaintiffs to disclose information that normally would be protected by the attorney-client privilege. See, e.g., Motion for Sanctions [Doc. # 42] at pp. 7-8 (arguing that Ms. Fann

must disclose her "communications with Mr. Nemecheck [plaintiffs' trial counsel], because all objections to this interrogatory have been waived, including privilege objections"). A waiver of the attorney-client privilege ordinarily should not be imposed based merely on a party's failure to assert the objection within the time provided in the Federal Rules of Civil Procedure. Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 662 (D. Colo. 2000); First Savings Bank v. First Bank System, Inc., 902 F. Supp. 1356, 1361-65 (D. Kan. 1995). I did not intend that the Order [Doc. # 30] would preclude the plaintiffs from asserting a privilege objection to the discovery if one exists, and the Order should not be read to compel the waiver of any privilege.

The defendant seeks severe sanctions against the plaintiffs for failure to make discovery and comply with my Order [Doc. # 30]. For example, it requests an order finding that the defendant did not unreasonably delay in paying insurance benefits to the plaintiffs in view of Ms. Fann's failure to answer Interrogatory No. 6. Also by way of example, the defendant seeks an order that "no medical records, diagnoses, charges, or treatments, or testimony not fully disclosed . . . may be considered in determining issues of law or fact in this action" based on the Ms. Fann's failure to answer Interrogatory No. 11.

I hesitate to impose discovery sanctions which would adversely affect the plaintiffs' ability to present their case on the merits. On the other hand, the defendant is entitled to full and complete answers to its clearly relevant discovery requests. To balance these interests, I will give the plaintiffs one final opportunity to meet their discovery obligations. The plaintiffs and their counsel are warned that their failure to comply with this Order and my previous Order [Doc. # 30] within the time allowed will result in the imposition of severe sanctions.

IT IS ORDERED:

(1) On or before **November 5, 2012, at 5:00 p.m.**, the plaintiffs shall remedy the discovery deficiencies identified in the Motion for Sanctions [Doc. # 42] and shall provide full and complete responses to those discovery requests and produce all documents in their possession, custody, or control responsive to the identified requests for production. Service and production must be by hand delivery or electronic means so that the discovery responses and produced documents are received by defense counsel on or before **November 5, 2012, at 5:00 p.m.**; and

(2) On or before **November 12, 2012**, the defendant shall either withdraw its Motion for Sanctions [Doc. # 42] or file a Supplement to the Motion for Sanctions identifying those discovery responses which it contends continue to be inadequate and making any additional arguments it deems necessary.

Dated October 31, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge