IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-03156-CMA-BNB

PAUL FANN, and
LENORE FANN,

     Plaintiffs,

v.

THE HARTFORD UNDERWRITERS INSURANCE COMPANY,

     Defendant.

---

**ORDER ADOPTING AND AFFIRMING APRIL 16, 2013
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the April 16, 2013 Recommendation of United States Magistrate Judge Boyd N. Boland. (Doc. # 85.) For the reasons discussed below, the Court adopts and affirms the Recommendation.

## I. BACKGROUND

The facts underlying Judge Boland's Recommendation are set forth in Doc. # 85. To make a long story short, Defendant Hartford Underwriters Insurance Company ("Hartford") approached the Court more than a year ago seeking the resolution of a discovery dispute it was having with Plaintiffs Paul and Lenore Fann ("the Fanns"). (*See* Doc. # 21.) On June 28, 2012, Judge Boland ordered the Fanns to provide, among other things, "full and complete discovery responses in a manner that complies with the formalities of the Federal Rules of Civil Procedure and produce all responsive

documents and all documents relied on pursuant to Rule 33(d) on or before July 9, 2012." (Doc. # 30 at 1-2.)

On October 2, 2012, Hartford moved for "sanctions and attorneys' fees for Plaintiffs' and their counsel's continuing violations of the Court's June 28, 2012 discovery order." (Doc. # 42 at 1.) Judge Boland granted the motion in part, noting that the Fanns made "no serious attempt" to comply with the June 28, 2012 Order. (Doc. # 56 at 2.) At that time, Judge Boland observed: "I hesitate to impose discovery sanctions which would adversely affect the plaintiffs' ability to present their case on the merits. On the other hand, the defendant is entitled to full and complete answers to its clearly relevant discovery requests." (*Id.* at 3.) To balance these interests, Judge Boland gave the Fanns "one final opportunity to meet their discovery obligations[,]" but he warned them and their counsel that "failure to comply with this Order and [the] previous Order [Doc. # 30]" by November 5, 2012, "will result in the imposition of severe sanctions." (*Id.*)

On November 12, 2012, Hartford filed a supplement to its October 2, 2012 motion, asserting that the Fanns missed the November 5, 2012 deadline and were "continu[ing] to engage in an ongoing failure and refusal to provide basic information Hartford needs for its defense and to avoid a 'trial by ambush.'" (Doc. # 58 at 2.) Judge Boland held a hearing on the issue on January 8, 2013 (Doc. ## 75 and 78), after which he issued the instant Recommendation (Doc. # 85). Judge Boland analyzed the discovery issues under Fed. R. Civ. P. 37(b)(2) and the five-factor test in *Ehrenhaus*

*v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992),[1] and then advised the Court to grant Hartford's October 2, 2012 motion, and the November 12, 2012 supplement thereto, and to impose sanctions:

> (a)  prohibiting the Fanns from "supporting their claim that they gave notice of settlement with the underlying tortfeasor or rebutting Hartford Insurance's defense that no prior notice of that settlement was given";
>
> (b)  prohibiting the Fanns from "supporting their claim that the injuries and damages suffered by Lenore Fann are the result of the auto accident with Susan Visalli on December 6, 2008, and are compensable under the UIM policy between the plaintiffs and Hartford Insurance";
>
> (c)  prohibiting the Fanns from "supporting the claim that Hartford Insurance violated any statute or regulation in handling plaintiffs' insurance claim";
>
> (d)  prohibiting the Fanns from "supporting their claim that the insurance policy issued by Hartford Insurance and at issue in this case is ambiguous or violates the law or public policy of any state"; and
>
> (e)  instructing the jury that "it is established that Mrs. Fann's injuries are not attributable to and were not caused by the auto accident with Susan Visalli on December 6, 2008, but instead are the result of other events or accidents."

(Doc. # 85 at 26.)  The Recommendation is ripe for ruling.[2]

---

[1] "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks, citations, and lacuna omitted).

[2] The Fanns objected to the Recommendation on May 3, 2013 (Doc. # 93), to which Hartford responded on May 20, 2013 (Doc. # 94).

## II. **STANDARD OF REVIEW**

In their Objections, the Fanns attack only the first and second sanctions that Judge Boland recommended.  (*See* Doc. # 93 at 5-8.)  Such action raises the possibility of needing to apply two standards of review.  On the one hand, "[i]In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (observing that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings")).  In reviewing proposed sanctions "c," "d," and "e," to which the Fanns "articulated no objection whatsoever" (Doc. # 94 at 14), the Court discerns no clear error on the face of the record and finds that Judge Boland's reasoning is sound.  As such, the Court will impose those sanctions on the Fanns without further analysis.

On the other hand, though, the Fanns did object to sanctions "a" and "b."  When a magistrate judge issues a recommendation on a dispositive matter,[3] Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge

---

[3] Judge Boland noted that the recommended sanctions, while "not amount[ing] to the dismissal of the [Fanns'] claims," might "have the consequence of foreclosing some or all of the Fanns' claims or remedies."  (Doc. # 85 at 22.)  Thus, he "view[ed] the sanctions as potentially dispositive, requiring that [he] make a recommendation" to the Court.  (*Id.*)  Neither party has objected to Judge Boland's decision to handle the matter as if dispositive, which the Court will accordingly treat as such.

with instructions." *Id.*  Accordingly, the Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, the Fanns' Objections, and Hartford's response thereto.[4]

### III. DISCUSSION

**A.   NOTICE OF SETTLEMENT**

The Fanns first argue that "their discovery responses on the question of notice were [not] incomplete or evasive."  (Doc. # 93 at 5-7.)  However, a review of the record tells a different story, which clearly supports Judge Boland's analysis.

Beginning in February 2012, Hartford served interrogatories on Paul and Lenore Fann seeking, among other things, to have the Fanns identify the date(s) on which they notified Hartford of the settlement of their underlying car-accident claim.  (*See* Doc. ## 21-2 and 21-3.)  In response, the Fanns listed several dates, though they never described any of them as the date or dates on which they notified Hartford of the settlement.  (*See, e.g.*, Doc. # 58-2 at 4-5.)  Perhaps such a response would have gone unnoticed, except that counsel for the Fanns, in an unsworn argument stated: "Notification of the settlement was provided to the Defendant on February 15, 2011, at which time a telephone conference occurred between Plaintiffs' attorney of record and the adjuster assigned for Defendant.  At that time, . . . [n]otice was provided to

---

[4] Hartford argues that the Court should review the Fanns' Objections for plain error only because: (1) "Plaintiffs have not objected to <u>any</u> of the magistrate judge's findings or conclusions with the level of specificity required by Tenth Circuit precedent" to trigger *de novo* review; and (2) "some of the magistrate judge's findings reiterate the conclusions of previous discovery orders that Plaintiffs never objected to under Federal Rule of Civil Procedure 72." (Doc. # 94 at 3-5 (underlining in original).)  Although these arguments appear to have merit, the Court will assume, without deciding, that *de novo* review is the appropriate standard in this case because, even under that standard, the sanctions objected to by the Fanns are appropriate.

5

Defendant." (Doc. # 47 at 3.) Unfortunately for the Fanns, February 15, 2011, was not one of the dates that they had provided in any of their sworn discovery responses. Judge Boland noted as much during the January 8, 2013 hearing (*see* Doc. # 78), and he observed that the Fanns' answer to the interrogatories on this issue was, at best, evasive (Doc. # 85 at 10). As such, the Court agrees with Hartford that the Fanns withheld information responsive to the interrogatories notwithstanding "multiple court orders require[ing] them to provide complete responses." (Doc. # 94 at 8.)

The Fanns' arguments to the contrary are unavailing. To begin with, as the preceding paragraph illustrates, the Fanns' sworn responses to Hartford's discovery requests **did not** "include[] a reference to each and every communication that related to the settlement," nor have the Fanns "completely answered these discovery requests." (Doc. # 93 at 5-6.) Even their attorney implicitly admitted as much during the January 8, 2013 hearing, when he conceded that the alleged February 15, 2011 notification had not been included in the Fanns' discovery responses. (*See* Doc. # 78.) Additionally, the Fanns cannot hide behind the argument that their sworn responses were "what each personally knew" and that they, "themselves," lacked the "specific dates on which 'notice' was given" because "all contact with Defendant occurred through their counsel." (Doc. # 93 at 6.) *See Hickman v. Taylor*, 329 U.S. 495, 504 (1947) ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney."); *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 629 (N.D. Okla. 2009) ("A party must disclose facts in its attorney's possession even though the facts have not been transmitted to the party." (quotation

marks and citation omitted)).  Accordingly, the Fanns' arguments against imposition of the first recommended sanction fail.

**B.     INJURIES AND DAMAGES SUFFERED BY LENORE FANN**

The Fanns next contend that "Lenore Fann provided all available information concerning healthcare providers" and that, thus, the Court should decline to impose the second sanction Judge Boland recommended.  (Doc. # 93 at 7.)  Again, however, the record disproves the Fanns' argument.

Because Lenore Fann claims damages resulting from personal injuries, which she alleges were caused by the underlying car accident, Hartford posed to her the following interrogatory: "Please identify [defined to require the full name and last known address of] every healthcare provider whom you have seen in the five years before the Incident and each year thereafter."  (Doc. # 58-1.)  When Judge Boland granted in part Hartford's October 2, 2012 motion, he noted that "no serious attempt was made [by the Fanns] to fully and completely answer [this] interrogatory."  (Doc. # 56 at 2.)  The Fanns later supplemented the information they had initially provided with the address and telephone number for some providers.  (*See* Doc. # 58-1 at 11-12.)  However, as Judge Boland noted in his Recommendation, they failed to supply similar information for at least 10 additional providers they had identified in their original response.  (*See* Doc. # 85 at 13.)

Despite this failure, in their Objections the Fanns simply assert, without any citation to the record, that in their interrogatory responses they "provided **all** information relative to the identities of [Lenore Fann's] treating physicians[,]" including "names,

7

addresses and telephone numbers." (Doc. # 93 at 8.) As Hartford notes, such an assertion addresses none of the 10 providers Judge Boland specifically referenced as lacking adequate information. (Doc. # 94 at 11.) Accordingly, the Court agrees with Hartford's argument that, as to these providers, the Fanns have "nowhere provided the required information." (*Id.*) Thus, Judge Boland correctly determined that the Fanns' answer was "evasive, which is the equivalent of a failure to answer." (Doc. # 85 at 14 (citing Fed. R. Civ. P. 37(a)(4)).)[5] Therefore, imposition of the second recommended sanction is appropriate.

## IV. **CONCLUSION**

For the foregoing reasons, it is ORDERED that the April 16, 2013 Recommendation of United States Magistrate Judge Boyd N. Boland (Doc. # 85) is AFFIRMED and ADOPTED as an Order of this Court. It is

FURTHER ORDERED that the Fanns' May 3, 2013 "Objections to Recommendations of United States Magistrate Judge" (Doc. # 93) are OVERRULED. Pursuant to the Recommendation, it is

---

[5] The Fanns also argue, under the *Ehrenhaus* factors mentioned, *supra*, at fn. 1, that the delay caused by their inadequate discovery responses "did not interfere with the judicial process" and that "Defendant has not been prejudiced in the least." (Doc. # 93 at 8.) In addition to having waived such arguments by not raising them with Judge Boland, *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996), the Fanns' position is again factually erroneous. That Judge Boland had to hold multiple hearings, and issue several rulings, on the discovery issue during the last year disproves the Fanns' argument regarding interference with the judicial process, as does the time spent by the Court drafting this Order. Further, as Judge Boland noted (Doc. # 85 at 23-24), Hartford has experienced delay and mounting attorney fees as it attempts to build a defense, which has been stymied by the Fanns' inability or unwillingness to submit proper discovery responses. *See Jama v. City & Cnty. of Denver*, 280 F.R.D. 581, 585 (D. Colo. 2012).

FURTHER ORDERED that Hartford's Motion for Sanctions (Doc. # 42) and Supplement to Motion for Sanctions (Doc. # 58) are GRANTED. Accordingly, as set forth in the Recommendation, the following sanctions are HEREBY IMPOSED against the Fanns:

    (a) Plaintiffs are prohibited from supporting their claim that they gave notice of settlement with the underlying tortfeasor or rebutting Hartford Insurance's defense that no prior notice of that settlement was given;

    (b) Plaintiffs are prohibited from supporting their claim that the injuries and damages suffered by Lenore Fann are the result of the auto accident with Susan Visalli on December 6, 2008, and are compensable under the UIM policy between Plaintiffs and Hartford Insurance;

    (c) Plaintiffs are prohibited from supporting the claim that Hartford Insurance violated any statute or regulation in handling Plaintiffs' insurance claim;

    (d) Plaintiffs are prohibited from supporting their claim that the insurance policy issued by Hartford Insurance and at issue in this case is ambiguous or violates the law or public policy of any state; and

    (e) The jury will be instructed that it is established that Mrs. Fann's injuries are not attributable to and were not caused by the auto accident with Susan Visalli on December 6, 2008, but instead are the result of other events or accidents.

    DATED: July __30__, 2013

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge